JOSEPH FOSTER *vs.* ADOLPHUS DURANT & others.

A writ of entry lies, under *St.* 1844, *c.* 107, § 4, to recover possession of real estate taken on execution against a debtor who has purchased the same, and caused it to be conveyed to a third person in order to secure it from his creditors, only when the estate has been set off by appraisement to the judgment creditor; and not when the estate, being an equity of redeeming land mortgaged, has been sold on execution.

WRIT OF ENTRY, sued out on the 30th of January 1851 by Joseph Foster, against Adolphus Durant and Maria his wife and George Cutter, to recover a parcel of land in Lawrence.

At the trial before *Bigelow*, J. it appeared in evidence that S. Richardson, on the 16th of April 1841, being then the owner of the demanded premises, gave Adolphus Durant a bond to convey them to him ; that on the 25th of July 1841 Richardson made a deed of the premises to Maria Durant; that Adolphus Durant afterwards applied for the benefit of the insolvent laws, and his estate was duly conveyed to an assignee, who on the 5th of August 1844 conveyed all said Durant's interest in the demanded premises to Cutter ; and that on the 22d of December 1849 an execution, issued upon a judgment recovered by the demandant against Adolphus Durant, was levied upon the premises, which were then under mortgage ; and on the 2d of February 1850 the right in equity of redeeming the premises from said mortgage was sold at public auction by the officer and purchased by the demandant.

The demandant offered to prove that Adolphus Durant was in possession of the premises from the 16th of April 1841 to the

date of this writ; and that the conveyances to Maria Durant and to Cutter were fraudulent and void as against the creditors of Adolphus Durant, upon the ground that the purchase moneys therefor were paid by said Durant, and these conveyances made with the design and for the purpose of fraudulently securing the same from attachment, and for the purpose of delaying and defrauding his creditors; and relied, in support of his action, upon the following provisions of *St.* 1844, *c.* 107 :

" Section 1.   Whenever any real estate, or right or interest in any real estate, shall be purchased by any debtor, or the purchase money therefor shall be directly or indirectly paid by any such debtor, and the title to such real estate, or right or interest therein, shall be retained in the vendor, or conveyed to any other person, with the design and for the purpose of fraudulently securing the same from attachment by any creditor of such debtor, or with the intent and for the purpose of delaying, defeating or defrauding such creditor, the said real estate, or right or interest therein, may be attached on mesne process, or taken in execution, in the same manner and to the same effect as the real estate, the legal title to which is in such debtor, may now be by the laws of this commonwealth."

" Section 4. All levies made under the preceding provisions shall be void, unless the execution creditor shall commence his action to recover possession of the real estate set off on his execution, within one year from the return of the execution on which the levy is made."

The tenant contended that the demandant had not brought himself within the provisions of this statute; because his execution was levied by sale of the right in equity of redeeming the premises, instead of by appraisement and setting off the same to him as execution creditor.   The judge ordered a nonsuit, which was to be taken off, if the court should be of opinion that the action could be maintained; otherwise, judgment to be entered thereon for the tenants.

*A. H. Nelson & J. W. Perry*, for the demandant.   The *St.* of 1844. *c.* 107, being remedial, is to be so construed as to give effect to the general intent of the legislature.   *Freeman* v.

*M'Gaw*, 15 Pick. 84. The general intent of the legislature was, that creditors should have the same remedy against the right or interest, of any nature, of the debtor, in real estate conveyed to a third person for the benefit of the debtor, and in fraud of his creditors, as they would if such right or interest had been conveyed to the debtor. If this equity of redemption had been conveyed directly to Durant, it might have been sold on execution against him. Rev. Sts. *c.* 73, § 37. And the express provision of the statute is, that " the said real estate, or right or interest therein, may be taken in execution, in the same manner and to the same effect as the real estate, the legal title to which is in such debtor, may now be by the laws of this commonwealth." *St.* 1844, *c.* 107, § 1. The words " legal title " are here used as opposed to beneficial interest, and not as descriptive of an estate unincumbered by mortgage. In § 2, these words are used as synonymous with " record title." And see *White* v. *Whitney*, 3 Met. 85. The sole intention of § 4 is to limit the time within which the rights acquired under §§ 1. 2 shall be enforced; and the incidental mention of the plaintiff, as the " execution creditor," and of the real estate " set off," cannot control the explicit provision of the first section. Besides ; this demandant is the " execution creditor."

*O. P. Lord & N. W. Harmon,* for the tenants.

MERRICK, J. As the legal title to the demanded premises never was in Adolphus Durant, it is plain that, without the aid of the *St.* of 1844, *c.* 107, the demandant, upon the facts stated in this report, taken in connection with those offered tc be proved, would have acquired no title to the premises. *Howe* v. *Bishop*, 3 Met. 26. Nor can that statute afford him assistance, unless its directions were followed, and its requirements complied with, in the levy of the execution.

In the first section of the statute, there is prescribed but one method, one course of proceeding, by means of which a party, who is a grantee of an estate through the acts and doings of a fraudulent debtor, under the circumstances enumerated, can be divested of his title. No difference is mentioned or alluded to, or apparently intended to be authorized, in

reference to the seizure and levy upon an execution, between real estate and any right or interest in real estate. Either the one or the other, which the debtor may have purchased or paid for, and caused to be fraudulently conveyed to the injury of his creditors, may be seized and appropriated by them to the payment of their debts. But whatever is taken, whether it be the whole real estate, or some special or particular interest in it, is to be taken " in the same manner as the real estate the legal title to which is in such debtor." And since there are no words in the statute to limit or qualify the meaning of the phrase " legal title," it must be held to express an unincumbered estate in fee. When such an estate is taken in execution, it must be set off to the creditor by a legal appraisement; and he can in no other way acquire a title to it. Rev. Sts. *c.* 73, §§ 3 *& seq.* And therefore, when a creditor would secure himself by a levy of his execution, either upon real estate or upon some right or interest in it, which his debtor has purchased and paid for and fraudulently caused to be conveyed, for his own benefit and advantage, to another party, there is no course which can be effectually pursued but to follow the direction and comply with the requirements of this particular provision.

This conclusion, that a proper construction of the language of the *St.* of 1844, *c.* 107, in relation to the levy of executions in the cases there provided for, limits the remedy, afforded by it, to the setting off to the creditor of the estate taken, whether it be the whole fee or some particular interest only, upon an appraisement by disinterested freeholders duly appointed, and does not allow a sale at auction of any right or interest in real estate which may be seized and taken, is confirmed by a consideration of another of its provisions. In the fourth section, it is enacted that " all levies made under the preceding provisions shall be void, unless the execution creditor shall commence his action to recover possession of the real estate set off on his execution, within one year from the return of the execution." The implication from this provision is very strong and significant that the legislature contemplated, and intended to give efficacy to one mode only of levying the execution. The statute mentions and

provides for setting off the estate by appraisement; that is, it does so substantially and effectually, by referring to that method of levying upon real estate. And since it neither mentions nor alludes to any other mode of proceeding, it would seem that this was intended to be the sole and exclusive remedy afforded.

But there is another and apparently decisive consideration in this, that that course of proceedings is absolutely essential, in order that any effect may be given to the other provision, upon the due conformity to the requirements of which the whole validity of the levy is made to depend. The levy is to be void unless " the execution creditor" shall, within one year from its return, commence an action to recover possession of the real estate set off upon it. The prosecution of such a suit is limited to the action of the creditor alone. No stranger, or purchaser of the right of redeeming the estate from a subsisting mortgage, can make the levy permanently effectual by instituting and carrying on an action to recover possession of the estate, or of any interest in it to which he may have, as· he supposes, entitled himself under a sale of it at auction. Yet, if there is to be a public sale, strangers, as well as the execution creditor, may be competitors for the purchase, when the latter alone is competent, by bringing an action, to confirm, or to give efficacy to the title so attempted to be acquired.

It seems therefore to be clear that a levy under this statute must, to be effectual, be by setting off the estate upon and under an appraisement; and that any other mode of proceeding, not being authorized by its provisions, must be wholly inoperative and void. As the demandant had no other title than that supposed to have been acquired by him under the sheriff's deed, given him in pursuance of the sale at auction of the right of redeeming the estate from an outstanding mortgage, and as that levy was void, this action cannot be maintained.

*Judgment for the tenants.*